IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

James Schultz,                                                Case No. 3:08CV2718

          Plaintiff

v.                                                          ORDER

Timothy Szott, et al.,

          Defendant

Plaintiff in this suit alleges that approximately twenty-five years ago, when he was twelve years old, he traveled to Sandusky, Ohio, in the company of the now-deceased Timothy Szott, who sexually abused the plaintiff while with plaintiff in Sandusky.[1] At the time, Szott was a Priest in the defendant Roman Catholic Archdiocese of Detroit [Diocese]. Plaintiff contends, *inter alia*, that the Diocese knew before his trip to Sandusky of Szott's proclivities, but breached its duty of care and other duties to the plaintiff by placing Szott in a position where he could be in plaintiff's company, thereby exposing plaintiff to the risk of sexual abuse.

The Diocese is the principal defendant. It has filed a motion to dismiss for lack of *in personam* jurisdiction. [Doc. 5]. In response, plaintiff contends that jurisdiction arises over the Diocese in this court because the Diocese: 1) has "continuous and systematic contacts" with Ohio,

---

[1] Plaintiff maintains this suit against his estate, such as it may be.

thereby meeting the due process standard for jurisdiction, *Kerry Steel v. Paragon Industries*, 106 F.3d 147, 149 (6th Cir. 1997), and 2) transacts business in this State, thereby coming within O.R.C. § 2307.382(A) of Ohio's long-arm statute.

Plaintiff contends that Priests from the Diocese regularly come into Ohio on behalf of the Diocese to counsel parishioners being treated at Toledo-area hospitals and for other, more general purposes. The Diocese appears to acknowledge that it "has provided spiritual and pastoral care" in Ohio. [Doc. 10, at 6].[2]

The defendant's reply brief [*id.*] ignores the first contention, regarding "continuous and systematic contacts," and focuses, instead, on whether whatever the Diocese does in Ohio constitutes "business" within the meaning of § 2307.382(A). It says that it cannot be found to transact business because whatever it does here is not of a commercial nature. Plaintiff contends that that doesn't matter, arguing, in effect, that part of the "business" of the Diocese is to comfort those of its communicants who are ill and afflicted, and who may be found, at least temporarily, in Ohio.

For more than 150 years statutes conferring jurisdiction in Ohio courts have been given a liberal construction. *Ferris v. Bramble,* 5 Ohio St. 109 (1855) ("remedial statute conferring the jurisdiction was entitled to a liberal construction.").

While that may be so, nonetheless, there appears to be no case in Ohio – or, for that matter, elsewhere – which decides whether a church entity comes within the "transacting business" provision of a long-arm statute where it, acting without a commercial motive, has done nothing more than provide the general sorts of pastoral services that are an essential part of its ecclesiastical mission.

---

[2] For purposes of this order only, I accept plaintiff's description of the circumstances which might bring a Priest or other representative of the Diocese into Ohio.

It thus appears appropriate to consider certifying the following question, or some variant thereof, to the Ohio Supreme Court pursuant to S. Ct. Prac. R. XVIII:

Whether a church located in a state other than Ohio "transacts business" within the meaning of R.C. § 2307.382(A), solely on the basis that clergy, acting in furtherance of the church's mission, provide pastoral and other care to residents of Ohio.

So that the parties may respond to this suggestion, the Clerk shall set a pretrial conference forthwith.

At that conference, the parties may also be heard on whether discovery needs to be taken to develop a record, either for this court's further consideration, or with regard to certification of the foregoing question to the Ohio Supreme Court.

It is, therefore,

ORDERED THAT

1. A pretrial conference is scheduled for February 3, 2009 at 9:30 a.m. (out of town counsel may participate by phone) to discuss the issues raised herein, and such other issues as to which the parties may desire to be heard; and

2. Not later than one week prior to said conference, the parties shall submit either a joint response or separate responses to this Order.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge